[No. 4295.]
## R. F. BUELL v. H. CORY.

AMBIGUOUS COMPLAINT.—A complaint which alleges that the plaintiff is the owner of certain goods and chattels on a certain ranch; that the defendant wrongfully and fraudulently took them; that the defendant promised and agreed to buy them at what they were reasonably worth; that he afterwards refused to negotiate, and that the defendant by force and threats prevented the plaintiff from removing the goods from the ranch, is ambiguous and uncertain.

APPEAL from the District Court, Twentieth Judicial District, County of Monterey.

The following was the complaint in this action:

"This plaintiff, by amended complaint, alleges and complains:

"1st. That he is the owner of certain goods and chattels, personal property, now on the Buena Vista Rancho, in the county of Monterey, and State of California; said goods, chattels, and personal property as follows, viz., one dwelling and dairy-house, three outhouses, two wells containing platform and buckets, several hay troughs, and seven miles of post and rail fence, and some two miles of brush fence, all of the value of $6000.

"2d. That on the 6th day of November, A. D. 1872, one Hiram Cory wrongfully and fraudulently took all of said goods and chattels, personal property, by force and threats, from the possession of this plaintiff, and unjustly detained the same, and has so continued to do ever since.

"3d. That the defendant consented, agreed, and promised to buy, at what they were reasonably worth, of this plaintiff, all of said improvements on said rancho.

"4th. That said agreement, or understanding, was entered into about the 22d day of September, A. D. 1872, plaintiff at that time holding said rancho under a lease of one L. M. Cahn, which is hereunto annexed and made a part, and marked Exhibit A.

"5th. That on said 6th day of November, A. D. 1872, this plaintiff served a notice on this defendant, which is hereunto annexed and marked Exhibit B.

"6th. That this defendant fraudulently colluded with one S. H. Hamilton prior to September 22; and that he, S. H. Hamilton, by force and threats, prevented this plaintiff from removing said improvements off of said rancho prior to said time, and that said Hamilton, also by his gross misrepresentations, obtained a judgment of court preventing this plaintiff from moving said improvements prior to October 2, 1872.

"7th. That this defendant, having obtained possession of the said goods and chattels, by said foul means, has ever since used them on said rancho, moving them about and destroying their identity; wherefore this plaintiff prays judgment for six thousand dollars damages and cost of suit."

Exhibit "B," annexed to the complaint:

"SALINAS, November 6, 1872.

"MR. HIRAM CORY:

"You are hereby notified that I cannot be delayed any longer in the use and enjoyment of my improvements on the Buena Vista Rancho. You having stated to me a long time ago that you wished to buy them, but now refuse to negotiate at all, I must at once commence to haul them off.

"R. F. BUELL."

The defendant demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action, and that it was ambiguous, unintelligible and uncertain. The court overruled the demurrer and, after trial, rendered judgment for the plaintiff. The defendant appealed.

*William H. Webb*, for the Appellant.

*R. F. Buell*, *in propria persona*.

By the COURT:

It is impossible to define the character of the action which the plaintiff intended to institute in this case. The court below gave judgment for the plaintiff, upon the theory that a contract of sale of the chattels was alleged in the

complaint and proven at the trial. We do not think, however, that the complaint is fairly susceptible of this construction. It begins with the allegation that the plaintiff is, at the time of filing the amended complaint, the owner of the chattels; it nowhere alleges a sale, or an agreement upon the part of the plaintiff to sell them to the defendant. The only allegation apparently looking in that direction is that *defendant* consented, agreed, and promised to buy them at what they were reasonably worth. This is far from sufficient as an allegation of a sale, or an agreement for a sale. It is not alleged that the plaintiff ever consented to sell. Besides, the supposed consent of the defendant to purchase is alleged to have been given in September, 1872, while it appears, from "Exhibit B" annexed to the complaint, that it was merely the expression by the defendant of a wish to purchase, and before November, 1872, all negotiations between the parties concerning it had ceased. No rule of pleading, however liberal, can be brought to countenance such a complaint as that filed in this case.

Judgment reversed and cause remanded, with directions to-sustain the demurrer.